**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD EL-MALIK CURTIS,

    Plaintiff - Appellant,

 v.

CITY OF OAKLAND; et al.,

    Defendants - Appellees.

No. 12-15831

D.C. No. 3:10-cv-00358-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior
District Judge.[**]

 Ronald El-Malik Curtis appeals the district court's decision granting

summary judgment to the City of Oakland, Jennifer Ray, Joseph G. Torres, John

Farrell, and Gerald A. Simon (the "Defendants") on his hostile work environment

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Robert W. Pratt, Senior District Judge for the U.S.
District Court for the Southern District of Iowa, sitting by designation.

and retaliation claims.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

I

To survive summary judgment on his hostile work environment claims, Curtis had to show that he was subjected to unwelcome verbal or physical conduct because of his race and that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 & n.3 (9th Cir. 2008).  As the district court recognized, much of the abusive conduct was facially-neutral, there was no known perpetrator for some of the incidents, and much of the conduct was directed at the Curtis's shift, generally.

Nonetheless, there was evidence in the record from which a reasonable jury could infer that the responsible parties were firefighters of other races and that they were targeting Curtis's shift because it was predominantly African-American.  *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 960 (10th Cir. 2012) (stating that "facially neutral abusive conduct can support a finding of racial animus sufficient to sustain a hostile work environment claim when that conduct is viewed

---

[1] Curtis does not challenge the district court's decision granting summary judgment on his failure to prevent claim.

2

in the context of other, overtly racially-discriminatory conduct." (alteration and quotation marks omitted)).  Several firefighters made comments that could be construed as offensive to African-Americans.  Other African-American firefighters joined Curtis's initial administrative complaint and stated in affidavits that the abusive conduct at the station was racially-motivated.[2]  Some also stated that African-Americans were referred to as "the brothers."  *Cf. Johnson*, 534 F.3d at 1123 (noting that the use of a "'code word or phrase' can, under certain circumstances, contribute to a hostile work environment.").  Additionally, Caucasian firefighters were overheard joking about Curtis's missing keys and a dead bird found under his bed, implying that they were responsible for the incidents or otherwise knew who was responsible.  Furthermore, although some of the conduct appeared to be directed at Curtis's shift, in general—as opposed to African-Americans, specifically— the circumstances suggest that Curtis's shift may have served as a proxy for the animus particularly given that it was predominantly made up of African-Americans and there were no other African-Americans on the other shifts during the relevant time period.

_____

[2] The Defendants submitted evidence casting doubt on the knowledge of some of these witnesses, however, such factual disputes cannot be resolved on summary judgment.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (noting "the principle that the court is not to make credibility determinations when granting or denying summary judgment").

3

Furthermore, tampering with an employee's food, stealing personal items, leaving dead animals in an employee's workspace, placing a clown picture over a picture of a prominent African-American, demeaning an employee's work unit, and repeatedly shunning a group of employees may constitute threatening and humiliating actions that could unreasonably interfere with an employee's work performance. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004). Accordingly, Curtis established the existence of a genuine dispute of fact as to whether a reasonable African-American man would find the workplace so objectively and subjectively racially hostile as to create an abusive working environment. *Id.* at 1112.

## II

In order to survive summary judgment on his retaliation claims, Curtis had to show that he engaged in protected activity which caused adverse employment actions and that any legitimate reasons offered by the Defendants for the adverse employment actions were pretextual. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Curtis engaged in protected activity by filing complaints, filing reports, making informal complaints to his supervisors, and raising his concerns informally in employer-sponsored group mediation and counseling sessions. Curtis suffered adverse employment actions including

4

allegedly false reports filed by supervisors, a written reprimand, and a suspension. Some of the protected activities were close enough in time to the adverse employment actions to establish a prima facie causal link. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) (indicating that causation could be inferred based on timing alone despite a gap that exceeded two months between the protected activity and adverse action). Although the Defendants offered legitimate reasons for the actions, Curtis also offered competing evidence suggesting that he was improperly disciplined and that the Defendants failed to follow some of their own procedures. Consequently, Curtis presented sufficient evidence to create a genuine dispute of material fact on the retaliation claims.

### III

The Defendants further contend that even if we reverse, we should nonetheless affirm summary judgment for the individual defendants. The Record, however, shows that Curtis provided evidence of personal participation in the alleged rights deprivations sufficient to hold the individual defendants liable. *See Bell v. Clackamas Cnty.*, 341 F.3d 858, 867 & n.3 (9th Cir. 2003). Accordingly, we also reverse the summary judgment decision in favor of the individual defendants on the hostile work environment and retaliation claims.

**REVERSED and REMANDED.**[3]

---

[3] The Defendants' motion to dismiss the appeal pursuant to the doctrine of judicial estoppel is denied.